IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ARMANDO GARCIA DE LA CRUZ, | ) ) ) | 4:14CV3160 |
| Plaintiff, | ) ) ) | **MEMORANDUM** |
| v. | ) ) ) | **AND ORDER** |
| UNITED STATES OF AMERICA, and FEDERAL BUREAU OF PRISONS, | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff Armando Garcia De La Cruz ("Plaintiff") filed his Complaint (Filing No. 1) in this matter on August 8, 2014. This court has given Plaintiff leave to proceed in forma pauperis. Accordingly, the court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e)(2) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is incarcerated at a federal correctional institution in Seagoville, Texas (FCI-Seagoville). Plaintiff names the United States of America and the Federal Bureau of Prisons as the defendants in the caption of his Complaint. However, he also refers to this suit as a "BIVENS ACTION"[1] and lists as defendants more than 30

---

[1] "Under *Bivens* [*v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)], an individual has a cause of action against a federal official in his individual capacity for damages arising out of the official's violation of the United States Constitution under color of federal law or authority." *Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000) (emphasis omitted).

known and unknown individuals employed at FCI-Seagoville and at federal correctional institutions in Phoenix and Safford, Arizona; San Pedro, California; and Oklahoma City, Oklahoma.  (Filing No. 1 at CM/ECF p. 3.)  Plaintiff alleges the defendants at the various federal correctional institutions were deliberately indifferent to his serious medical needs.  (*Id.* at CM/ECF pp. 13-20.)  As relief, Plaintiff seeks "$20,000,000.00 for personal injury and medical care for the rest of [his] life."  (*Id.* at CM/ECF p. 6.)

None of the events described in the Complaint occurred in Nebraska.  However, this court's records reflect that Plaintiff is incarcerated as a result of a judgment in a criminal case that occurred in this court.  (*See USA v. Garcia-Delacruz, et al*, 4:06-cr-03016-JMG-CRZ-1.)

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e)(2).  The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state

a claim.  See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).  However, a pro se plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III.  DISCUSSION OF CLAIMS

Pursuant to 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  A district court has the discretion to either dismiss a plaintiff's claims or transfer the case, sua sponte.  See *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 Fed. App'x. 468, 472 (6th Cir. 2012); *Bravo v. Bexar Cnty., Texas*, No. 12-CV-4009 (MKB), 2014 WL 1155302, at *13 (E.D.N.Y. Mar. 21, 2014); *Abramson v. America Online, Inc.*, 393 F. Supp. 2d 438, 443 (N.D.Tex. 2005).

To the extent Plaintiff's Complaint seeks damages for civil rights violations pursuant to *Bivens*, venue is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in--
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

To the extent Plaintiff's Complaint alleges claims against government agencies or officials in their official capacities, venue is governed by 28 U.S.C. § 1391(e), which similarly provides that the civil action may be brought in:

> any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

[28 U.S.C. § 1391(e)(1)](#).

Here, none of the events described in the Complaint occurred in Nebraska, none of the defendants reside in Nebraska, and Plaintiff is not incarcerated in Nebraska. Rather, Plaintiff is incarcerated at FCI-Seagoville, which lies in the territorial jurisdiction of the Northern District of Texas, and is where a substantial portion of the events giving rise to the filing of the Complaint occurred. The court finds that venue in this district is improper. In the interest of justice, specifically because Plaintiff has already paid a portion of the mandatory filing fee, the court will transfer this case to the Northern District of Texas.

IT IS THEREFORE ORDERED that:

1. The District of Nebraska is an improper venue for Plaintiff's Complaint. However, in the interests of justice, the court will transfer this case to the Northern District of Texas, a proper venue.

2. The Clerk of the Court is directed to transfer this matter to the United States District Court for the Northern District of Texas in accordance with this Memorandum and Order.

3. The Clerk of Court shall close and terminate this case in the District of Nebraska.

4. The Clerk of the Court is directed to term the motion event at Filing Number 9 in this case, which is Plaintiff's motion seeking the appointment of counsel. The court leaves the issue of whether to appoint counsel to the Northern District of Texas.

DATED this 22nd day of September, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.